ABRAHAM P. SMITH, APPELLANT, *v.* LEWIS E. FELLOWS, RESPONDENT.

*Complaint on a promissory note — when it is sufficient.*

APPEAL from an order made at Special Term sustaining a demurrer to the complaint and from the judgment entered thereon.

The allegations of the complaint were that on the 1st day of April, 1876, the defendant made and executed a note as follows:

"$500.                    KINDERHOOK, N. Y., *April* 1, 1876.

"One year after date, for value received, I promise to pay to the order of Abraham P. Smith five hundred dollars at the National Bank of Kinderhook, with interest.

(Signed)          "LEWIS E. FELLOWS."

Then came the allegation that "Fellows (the maker) delivered said note to the plaintiff, who is now the owner and holder of the same, and that there is now due and owing from the defendant to the plaintiff the sum of five hundred dollars with interest from the first day of April, 1878, no part of which has been paid.

"Wherefore the plaintiff demands judgment for the sum of five hundred dollars with interest from the first day of April, 1878, besides the costs of this action.

"W. H. SILVERNAIL,
              "*Attorney for Plaintiff.*"

The court at General Term said: "The ground of the demurrer is that the complaint does not state facts sufficient to constitute a cause of action. The decision at Special Term is based wholly, as appears by the memorandum of the learned judge, on the ground that technically the language used in the complaint is not strictly according to the suggestion of the Code of Civil Procedure (§ 534). But there is another provision of the Code that still remains in effect, viz.: 'The complaint shall contain a plain and concise statement of the facts constituting the cause of action.' No other cause of action is attempted to be set up than the note in question. No other facts or allegations appear from which it could be assumed for a single moment that

there was anything upon which plaintiff claimed to recover other than the note sued on. If the complaint had said 'there is now due and owing on *said note*' no question could possibly arise. Or if it had said 'there is now due and owing the plaintiff *thereon*,' it would have been good. Or if in the demand for judgment it had stated that the sum demanded was so much on account 'of such note,' or 'on account of the matters above alleged,' no possible objection could have been urged to the complaint.

" The note is fully and distinctly set forth. There is no pretense of uncertainty or indefiniteness about it. The pretense that the allegation of indebtedness or the demand for the judgment does not set forth or state that it is upon the note, the only indebtedness alleged in the complaint, makes the complaint demurrable, as not stating facts sufficient to constitute a cause of action, is without sound reason or authority. (*Prindle* v. *Caruthers*, 15 N. Y., 431; *Allen* v. *Patterson*, 3 Seld., 480.)

" To show that section 534 did not intend to require the very language employed therein to be set forth in a complaint on a promissory note (see *Keteltas* v. *Myers*, 19 N. Y., 233) referred to in the opinion of the learned judge who sustained the demurrer. In that case the words set out, after reciting the note and how it came to plaintiff, were 'that the said sum of five hundred dollars was due,' " etc.

*Wm. H. Silvernail*, for the appellant.

*C. L. Beale*, for the respondent.

Opinion by OSBORN, J.; LEARNED, P. J., and RUMSEY, J., concurred.

Judgment reversed, with costs, and judgment given for plaintiff on demurrer, with costs, with leave to defendant to answer in twenty days on payment of costs.